IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**FRANK WATTS, II**                                                                                     **PLAINTIFF**

V.                                    Case No. 4:23-CV-00040-JM

**ASA HUTCHINSON,** *et al*.                                                              **DEFENDANTS**

**ORDER**

Plaintiff Frank Watts paid the filing fee and filed his *pro se* complaint under 42 U.S.C. § 1983. (Doc. 1). He sued the following state officials and their predecessors: former Arkansas Governor Asa Hutchison, former Circuit Court Judge Morris Thompson, former Director of the Arkansas Division of Correction Wendy Kelley, former Little Rock Mayor Dalton J. Dailey, and various Does. (*Id*.). Watts alleges he was illegally convicted and, as a result, wrongly incarcerated. (Doc. 1). He seeks damages.

Before the Court are Defendants' motions to dismiss (Doc. 12 & 15). Watts has responded (Doc. 17 & 18), and the motions are now ripe for review. Also before for the Court is Watts's motion to amend his complaint. (Doc. 21). For the reasons stated below, Watts's motion to amend (Doc. 21) is DENIED, and Defendants' motions to dismiss (Doc. 17 & 18) are GRANTED.

**I.       Background**

In 1997, Watts was convicted by a jury of a number of felony drug crimes and sentenced to 60 years' imprisonment in the Arkansas Division of Correction. *Watts v. State*, 8 S.W.3d 563, 565 (2000). The following year, Watts was convicted of more felony drug offenses and sentenced as a habitual offender to life imprisonment. *Watts v. State*, 2000 WL 1448603, *1 (Ark. 2000). Watts believes he was unconstitutionally tried and convicted. (Doc. 1 at 9). Specifically, Watts explains that, before his first trial, he successfully sought to have the charges joined. (*Id*. at 9–10);

*Watts v. Kelley*, 2019 Ark. 207, *5 (Hart, J. dissenting). Despite the circuit court's favorable ruling, the charges were never joined, and Watts was tried on the charges in two separate trials. (*Id.*). In the years following, Watts repeatedly, but unsuccessfully, challenged the legality of his convictions in both post-conviction and habeas proceedings. *Watts v. State*, 68 Ark. App. 47, 52 (2000); *Watts v. State*, 2013 Ark. 318, *2–3; *Watts v. State*, 2013 Ark. 485, *2; *Watts v. Kelley*, 2019 Ark. 207, *3. On April 4, 2021, Governor Hutchinson commuted Watts's life sentenced, making him eligible for parole. *State v. Watts*, 60CR-97-2871 (Pulaski County) (Proclamation). Watts has since been paroled and now brings this civil suit seeking damages from each of the Defendants in their individual rather than official capacities.

## II.    Discussion

### A.    Motion to Amend the Complaint

Before the Court addresses the pending motions to dismiss, Watts's motion to amend his complaint must first be decided. (Doc. 21). As is required, Watts attaches his proposed amended complaint to his motion. (Doc. 21-1). A review of the proposed amended complaint reveals that, rather than re-allege all the claims raised in his original complaint, Watts simply asks to add Chris Tarver,[1] his former defense counsel, as a Defendant. (*Id.*). Watts complains that Tarver abandoned him on direct appeal. (*Id.*). Defendants object and argue the futility of allowing the amendment by explaining it could not survive a motion to dismiss. (Doc. 22) (citing *Holloway v. Dobbs*, 715 F.2d 390, 392 (1983). Defendants are correct. In any event, "[i]t is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect." *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000). Thus, were the Court to allow Watts to amend his complaint, it would result in abandonment his other claims – a result it

---

[1] Chris Tarver is incorrectly identified as "Chris Travis" in the Amended Complaint. (Doc. 21); *see also Watts v. Kelley*, 2019 Ark. 207, *6 (identifying Watts's defense attorney as Chris Tarver).

is clear Watts does not intend. Accordingly, Watts's motion to amend his complaint (Doc. 21) is DENIED.

                B.      Mayor Dailey's Motion to Dismiss

The City of Little Rock, on behalf of former Mayor Dailey, argues that Watts's § 1983 claims should be dismissed as barred by three-year statute of limitations, or alternatively because Watts failed to state a claim against the Mayor or City. (Doc. 13). Defense argues the three-year statute of limitations began to run in June 2019, when the Arkansas Supreme Court last issued its ruling on the subject. (Doc. 13 at 2). Watts, however, asserts the time began running when he was convicted but argues it was tolled until his sentenced was commuted in 2021. (Doc. 17). However, because the City correctly argues that neither it nor the mayor had any prosecutorial discretion in pursuing charges against Watts, the Court need not address the statute of limitations argument. (Doc. 13 at 6–7). Arkansas law provides that charging decisions are entirely left within a prosecutor's discretion. *See Simpson v. State*, 339 Ark. 467, 471 (1999). As a result, Watts's has failed to state a claim against Mayor Daily and his predecessors. Therefore, they are dismissed.

                C.      Separate Defendants' Motion to Dismiss

Separate Defendants Hutchinson, Thompson and Kelley move to dismiss Watts's complaint arguing that his suit is barred as a matter of law under the *Heck* Doctrine. In the alternative, they argue Watts's claims are barred by sovereign immunity, qualified immunity, and judicial immunity. (Doc. 15). Because Watts' requests for damages against the defendants are *Heck*-barred, the Court need not consider the remaining, although viable, reasons supporting dismissal. Additionally, the *Heck* bar controls with equal force against all of the defendants, including Dailey and the Doe Defendants.

If a judgment in favor of a prisoner in a § 1983 action would necessarily imply the

invalidity of a state conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged, or called into question by the issuance of a federal writ of *habeas corpus*. *Heck v. Humphrey*, 512 U.S. 477, 486-78 (1994). Here, a finding in Watts's favor would necessarily call into question the validity of his convictions, and, nothing in Watts's complaint indicates that his convictions have been called into question by the issuance of a federal writ of *habeas corpus*. Watts was not pardoned, which "releases the punishment and blots out the existence of guilt." *Williams v. Brents*, 171 Ark. 367 (1926) (citing *Ex Parte Garland*, 4 Wall. 333 (1866)). Instead, Watts's sentence was commuted, meaning he received a less severe punishment. *Id*. Accordingly, because his sentences stand, Watts's §1983 demands for damages are barred under *Heck*.

### III. Conclusion

Defendants' motions to dismiss (Doc. 12 & 15) are GRANTED. Watts's motion to amend his complaint (Doc. 21) is DENIED. Watts's complaint is DISMISSED without prejudice.

IT IS SO ORDERED this 18th day of May, 2023.

_____
UNITED STATES DISTRICT JUDGE